**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ANA LILIA GARIBAY FIGUEROA,<br><br>    Plaintiff,<br><br>    v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No.: 1:25-cv-00518 JLT GSA<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, GRANTING PLAINTIFF'S APPEAL, DENYING THE COMMISSIONER'S REQUEST TO AFFIRM, AND REMANDING THE MATTER PURSUANT TO SENTENCE FOUR OF 42 U.S.C. § 405(g)<br><br>ORDER DIRECTING ENTRY OF JUDGMENT IN FAVOR OF PLAINTIFF AND AGAINST DEFENDANT<br><br>(Docs. 12, 14, 15) |

Ana Lilia Garibay Figueroa seeks judicial review of the administrative decision denying her application for supplemental security income under Title XVI of the Social Security Act, asserting the administrative law judge erred in evaluating the evidence. (Docs. 1, 12.) The magistrate judge found that the ALJ's conclusion that Plaintiff was not disabled was unsupported by substantial evidence and applicable law. (Doc. 15 at 14.)

In the Findings and Recommendations, the magistrate judge concluded that the ALJ erred in finding that the opinion of examining doctor, Roger Wagner, M.D., was unpersuasive, as such finding did not support the ALJ's conclusions. (Doc. 15 at 6.) Specifically, the ALJ's reasoning rested upon Dr. Wagner's opinion that Plaintiff's standing/walking capacity was one hour at a time conflicting with his opinion that Plaintiff could stand and walk for up to eight hours in a workday. (*Id.*) The magistrate

1

judge explained that although Dr. Wagner's opinion was "somewhat self-contradictory, importantly this does not justify dispensing with the opinion altogether," especially when considered alongside similar opinions of testifying medical experts, Nikerson Geneve, D.O. and Ronald Kendrick, M.D., that Plaintiff could stand and walk for one to two hours. (*Id.* at 6-7, citing AR 524, 556, 562.)

The magistrate judge also found that the ALJ erred in finding persuasive Dr. Kendrick's opinion that Plaintiff did not need breaks, noting that Dr. Kendrick "seemingly suggested *he would defer to the claimant's experience of severe pain* even if there was nothing in the record mandating that conclusion." (Doc. 15 at 10, citing AR 561, emphasis in original.) Thus, the magistrate judge concluded that "[a] reasonable interpretation of the testimony on balance is that the doctors expressed that the severity of the pain and corresponding need for frequent breaks would be specific to the claimant's subjective pain experience." (*Id.* at 11.)

Turning to Plaintiff's subjective complaints, the magistrate judge took issue with the ALJ's conclusion that Plaintiff's testimony about her back pain was inconsistent with the medical evidence. (Doc. 15 at 12, citing AR 520.) The magistrate judge noted that the ALJ "conceded that Plaintiff's allegations of back and radicular pain are partially supported by the record…" but also noted that the record indicates normal muscle strength and range of motion, with no need for an assistive device to ambulate. (*Id.*, citing AR 252, 285, 293, 443, 464, 1062, 1083, 1099, 1150, 1156, 1229, 1247, 1451, 1793, 1867.) Nonetheless, the magistrate judge explained that subjective pain testimony "cannot be rejected on the sole ground that it is not fully corroborated by objective medical evidence.' (*Id.*, quoting *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001)).

Next, the magistrate judge addressed the ALJ's emphasis on the fact that Plaintiff declined to undergo a recommended lumbar spine fusion due to the risks it posed but was willing to undergo a surgery for "undesired fertility" *despite* the risks. (*See* Doc. 15 at 13.) The ALJ opined that Plaintiff's willingness to undergo a high-risk sterilization surgery was "indicative of less severe pain symptoms in her lower back." (*Id.*) The magistrate judge rejected the ALJ's reasoning as an "oversimplification," explaining that Plaintiff's willingness to have a high-risk surgery "has no relevance to her willingness to have an unrelated lumbar spine surgery with differing risks." (*Id.*)

Finally, the ALJ focused on Plaintiff's negative toxicology results for morphine and codeine

and compared Plaintiff's reported pain level of 9/10 with medication in January 2023 with her reported pain level of 4/10 in December 2023, suggesting that Plaintiff's condition was improving. (Doc. 15 at 13, citing Ex. 25F/47; AR 522.) The magistrate judge clarified that Plaintiff's opioid medications were prescribed on an "as needed" basis—and thus, an emphasis on negative test results was misplaced—and found it "equally likely that the reports of pain level 4/10 were episodic and not indicative of the record as a whole[.]" (*Id.* at 13-14, citing AR 1294, 1313, 1322, 1356.)

In sum, the magistrate judge concluded that "[s]ubstantial evidence and applicable law do not support the ALJ's conclusion that Plaintiff was not disabled." (Doc. 15 at 14.) Therefore, the magistrate judge recommended that the Court grant Plaintiff's motion for summary judgment and remand the matter for further proceedings. (*Id.*)

The Court served the Findings and Recommendations on the parties and notified them that any objections were due within 14 days. (Doc. 15 at 14.) The Court also advised the parties that the "failure to file objections within the specified time may result in the waiver of rights on appeal." (*Id.*, citing *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014).) Neither party filed objections, and the time to do so has passed.

According to 28 U.S.C. § 636(b)(1), this Court performed a *de novo* review of this case. Having carefully reviewed the matter, the Court concludes the Findings and Recommendations are supported by the record and proper analysis. Thus, the Court **ORDERS**:

1. The Findings and Recommendations dated October 25, 2025 (Doc. 15) are **ADOPTED** in full.

2. Plaintiff's motion for summary judgment (Doc. 12) is **GRANTED**.

3. Defendant's cross-motion to affirm the administrative decision (Doc. 14) is **DENIED**.

4. The matter is **REMANDED** for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g), consistent with the Court's findings.

///

///

///

///

5. The Clerk of Court is **DIRECTED** to terminate all pending motions; to enter judgment in favor of Plaintiff Ana Lilia Garibay Figueroa and against Defendant Commissioner of Social Security; and to close this case.

IT IS SO ORDERED.

Dated:    **January 15, 2026**              _____

UNITED STATES DISTRICT JUDGE